**SO ORDERED.**

**SIGNED this 15 day of May, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br>ANDREW MOUNCE & VALERIE MOUNCE<br>*DEBTOR S* | BANKR. CASE NO.<br>03-55022-C<br>CHAPTER 7 |
| ANDREW MOUNCE & VALERIE MOUNCE<br>*PLAINTIFFS*<br>V.<br>WELLS FARGO MORTGAGE, INC.<br>*DEFENDANT* | ADV. NO. 04-5182-C |

**DECISION AND ORDER ON MOTION TO DISMISS COMPLAINT**

CAME ON for consideration the foregoing matter. The plaintiff filed a complaint against Wells Fargo Mortgage, Inc,, alleging that Wells Fargo imposed "hidden bankruptcy-related fees and [] costs" on these and other similarly situated plaintiffs, without disclosure and without authorization from the bankruptcy court. Wells Fargo is alleged to have collected these fees from many other debtors. Plaintiffs say the charges are illegal.

Plaintiffs demand that the hidden fees and costs be reversed and refunded, as having been charged without court approval. Alternatively, plaintiffs maintain that the charges violate the loan contract the plaintiffs have with Wells Fargo, in that the loan documents do not authorize such charges, warranting damages in the amount of charges collected, plus interest. Plaintiffs maintain in the further alternative that assessing the charges violated the automatic stay, and also violated the discharge injunction, entitling plaintiffs to recovery of the monies improperly charged, together with interest, plus an assessment of punitive or exemplary damages. The plaintiffs also seek relief under the Declaratory Judgment Act that assessing such fees and charges is illegal. Finally, they seek from the court injunctive relief to prevent further continued violations of the law. Plaintiffs also seek an award of attorneys' fees. On top of all of this, plaintiffs allege that there is a class of plaintiffs who have suffered similar treatment and similar damages. Plaintiffs however have not yet sought class certification.

Defendant has moved to dismiss on multiple grounds, essentially urging that plaintiffs have failed to state a claim for which relief may be granted.

## ANALYSIS

The essence of plaintiffs' claim is that the charges in question are illegally assessed.

First, plaintiffs claim that the agreed order on motion for relief from stay in their bankruptcy case capped the amount of fees and charges collectible by defendant, such that any further collection effort would be barred by the terms of the court order itself. This charge seems essentially to be one of judicial estoppel.

Second, plaintiffs claim that the charges could not have accrued during the case because there was an automatic stay in place. Thus, they seem to be saying, any charges accruing during their case would violate the stay and so must be declared void.

Third, plaintiffs claim that the charges could not be recovered unless they were allowed by the court pursuant to section 506(b) of the Bankruptcy Code. Absent such allowance, the charges cannot be assessed or collected (and there was undeniably no such allowance in this case).

Fourth, plaintiffs claim that the charges cannot be assessed under the terms of their loan documents. Charging and collecting thus constitutes breach of contract.

**Violation of the discharge injunction**

Of all the counts asserted by the plaintiffs, the one *most* likely to withstand dismissal on Rule 12(b)(6) grounds is the complaint seeking redress for violation of the discharge injunction. If the defendant's actions constitute an effort to commence or continue any act to collect, recover, or offset an otherwise dischargeable debt as a personal liability of the debtor, then the discharge injunction has been violated. *See* 11 U.S.C. § 524(a)(2). The key phrases here are "dischargeable debt" (in the words of the statute, "any debt discharged under section 727") and "as a personal liability." Both conditions must be met for there to be a violation of the discharge injunction. Without a violation, a cause of action cannot stand.

A dischargeable debt is defined in section 727(b). That section states that –

> ... a discharge under subsection (a) of [section 727] discharges the debtor from all debts that arose before the date of the order for relief under this chapter ... whether or not a proof of claim based on any such debt ... is filed under section 501 of this title, and whether or not a claim based on any such debt ... is allowed under section 502 of this title.

11 U.S.C. § 727(b). "Debt" is a defined term under the Code, meaning "liability on a claim." *See* 11 U.S.C. § 101(12). "Claim" is also defined in the Code to mean –

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

11 U.S.C. § 101(5)(A). The charges alleged to have been the subject of collection in this case are

alleged to have arisen by virtue of the loan relationship between the plaintiffs and the defendant, a relationship defined by loan documents that were executed prior to the filing of the bankruptcy case. They are, therefore, a claim to a right to payment, albeit one which was contingent or unmatured as of the date of the filing of the petition. The debtors' liability on such a claim constitutes a debt, as defined by the Code, which would be the subject of discharge under section 727(b). Thus, one of the essential elements for bringing an action for violation of the discharge injunction – namely, the presence of a "dischargeable debt" – is met.

The plaintiffs contend in their complaint that the defendant sought to collect this debt from them post-discharge, by sending them a letter detailing the charges and claiming that the charges had to be paid to avoid default. The defendant might have sought recovery of these charges only as an *in rem* claim against the debtors' property, and not as a personal liability against the debtors themselves, but that is a defensive issue yet to be established by the evidence at this stage of the case. *See Matter of Educators Group Health Trust*, 25 F.3d 1281, 1286 (5th Cir. 1994). The complaint adequately claims the defendant tried to collect from the plaintiffs. That is enough to establish this essential element for purposes of Rule 12(b)(6), under which we must indulge every presumption in favor of the plaintiff.

It is not correct to state that a party has no legal remedy for a violation of the discharge injunction, as the defendant suggests. A party has a right of redress from the court to assure that the injunction is enforced and to remedy damage caused by violations of the statutory injunction. The complaint seeks injunctive relief, and also seeks damages alleged to have been caused by the defendant's failing to abide by the statutory injunction. These are remedies well within the confines of the court's powers of contempt. *In re Gervin*, 337 B.R. 854, 858 (Bankr. W.D.Tex. 2005).

**Violation of the automatic stay**

The idea that there could be damages recoverable at this late stage for violations of the stay during the plaintiffs' bankruptcy case seems counterintuitive at first. Yet it is certainly possible that an entity might have taken some step during the course of the bankruptcy case that would otherwise have been barred by the automatic stay, the consequences of which are, even now, deleterious to the plaintiffs. Imagine, for example, that a creditor had abstracted a judgment in another state during the case, and only recently domesticated the judgment in the state where the plaintiffs now reside. The cause of considerable anguish (and attorneys' fees as well, no doubt) would be the judgment itself, abstracted in violation of the automatic stay. *See* 11 U.S.C. § 362(a)(2), (3), (4). Many courts hold such actions to be void *ab initio*, while many others (including the Fifth Circuit) say that they are at least voidable. *In re Chesnut*, 422 F.3d 298, 303 (5th Cir. 2005). In either event, the abstract could be undone, and debtor would be entitled to be compensated for the damages that may have been caused. *See* 11 U.S.C. § 362(h).[1] Nothing in section 362(h) limits the reach of recovery promised there to debtors who bring their action prior to the expiration of the stay (or the closing of the bankruptcy case, for that matter).

The defendant might offer a myriad of defenses, of course, running from denial that the acts took place within the period between filing and discharge, through laches, and beyond. These are all defensive theories and do not form a basis for dismissing an action for failure to state a claim. *See Matter of Educators Group Health Trust*, 25 F.3d 1281, 1286 (5th Cir. 1994).

The complaint suffers one deficiency, however. It alleges that the charges *accrued* during the period covered by the automatic stay. The mere *accrual* of charges does not violate any part of section 362(a). But interest accrues on nondischargeable debts without violating the automatic stay,

---

[1] "An individual injured by any wilful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Id.*

demonstrating that mere accrual, *vel non*, is not a stay violation. *See In re Sims,* 278 B.R. 457, 470-72 (Bankr. E.D. Tenn. 2002) (concluding that Capitol One did not violate the automatic stay when Capitol One allowed fees and interest to accrue on credit card debt post-petition). This appears to be the only factual allegation offered to support a complaint for violation of the automatic stay. The court has not been able to locate any other factual allegation that could conceivably constitute a violation of the stay. This count is therefore dismissed.

**Violation of section 506(b)**

To the extent that the complaint seeks recovery for charges imposed that were not approved by the bankruptcy court, the complaint does not state a cognizable cause of action. Section 506(b) has no application on these facts because that section is tied to the claims allowance process. The fact that the subject matter of this complaint is the debtors' house confirms that the house was not an asset administered by the trustee in the plaintiffs' bankruptcy case. It is possible that the trustee could have entertained a proof of claim from the secured creditor in this case, but a brief review of the docket from the underlying case confirms that it was a no asset case, that no proof of claim deadline was ever issued as a result, and that no proof of claim was filed by the defendant.[2] The trustee thus had no occasion to employ section 506(b). The debtor does not enjoy an independent private right of action under section 506(b). *See Joubert v. ABN AMRO Mortgage Group, Inc.*, 411 F.3d 452, 455 (3rd Cir. 2005).

---

[2] A court may always take judicial notice of its own files at any time in a case, even after the close of evidence. *See In re American Solar King, Corp.,* 90 B.R. 808, 829 n. 41 (Bankr. W.D. Tex. 1988).

**Violation of the "Consent Order."**

Plaintiffs claim that the agreed order on motion for relief from stay "set" the amount of fees and charges that could have been recoverable by the lender for the period between filing and discharge. A review of the order itself, as well as the docket, belies that contention. First of all, the order did not resolve a dispute involving charges asserted by the lender. It resolved an effort by the lender to obtain relief from the automatic stay, based upon mortgage payment defaults. It is true that the motion sought late fees, and also sought attorneys' fees in an amount typically assessed for the filing of such motions. It is not true that either the motion or the subsequent agreed order purported to address *all* the charges that might have accrued under the loan documents.

The "consent order" provided that, if the debtor complied with its terms, the automatic stay would remain in place. The debtor in fact *did* comply with its terms, according to the complaint, and the automatic stay *did* remain in place – for so long as the statute allowed. As it turns out, however, that was not for very long. The hearing on the motion was in early December, 2003. The agreed order was announced at that hearing. The debtors performed. Less than ten days later, however, the automatic stay *expired* as a matter of law when the debtors received their discharge. *See* 11 U.S.C. § 362(c)(2)(C). Indeed, the agreed order was not actually signed and entered onto the docket until *after* the automatic stay had already expired. Both parties complied with all the terms of the agreed order. It imposed no further obligations on either party post-discharge (and post-automatic stay). Plaintiffs seem to offer what amounts to a species of judicial estoppel as grounds for their recovery. Judicial estoppel may well operate as a *defense* against any court-assisted recovery that the defendant might instigate. It might also form a basis for injunctive relief against foreclosure by the defendant. Neither furnishes a basis for entertaining relief in a federal court (absent the court's exercise of supplemental jurisdiction under section 1367 of title 28).

**Violations of the loan documents**

The complaint seeks damages for breach of contract as a result of the defendant's effort to collect charges not otherwise recoverable under the loan documents. This is a quintessentially state law cause of action, and this court, as a federal court, lacks subject matter jurisdiction over it. The court could exercise supplemental jurisdiction over the claim, but only where the action involves essentially the same set of facts as does the action over which the court *does* have jurisdiction. *See* 28 U.S.C. § 1367. Here, the only claim that survives dismissal is the plaintiffs' action to enforce the discharge injunction – an action which exists *only* if the charges are otherwise recoverable under the loan documents. Of course, if the defendant is trying to collect from the plaintiffs on a claim which *defendant* maintains he has a right to collect, then the discharge injunction is implicated. In that event, the defendant will most assuredly be violating the discharge injunction, whether the charges turn out to be legitimate or not. It seems that judicial economy is best served by exercising supplemental jurisdiction over this aspect of the complaint, which in all other respects rather obviously states a claim that survives Rule 12(b)(6).

## Conclusion

The motion to dismiss plaintiff's cause of action for violation of the discharge injunction is denied. That count remains in the plaintiffs' complaint.

The motion to dismiss plaintiff's cause of action for violation of the automatic stay is granted and that count of the plaintiffs' complaint is dismissed.

The motion to dismiss plaintiffs' cause of action for violation of section 506(b) is granted, and that count of the plaintiffs' complaint is dismissed.

The motion to dismiss plaintiffs' cause of action for violation of the "consent order" is granted, and that count of the plaintiffs' complaint is dismissed.

The motion to dismiss plaintiffs' cause of action for various violations of the loan documents is denied. That cause of action remains, and the court exercises supplemental jurisdiction over it via section 1367 of title 28.

# # #