**SO ORDERED.**

**SIGNED this 10th day of July, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>ANDREW MOUNCE AND<br>VALERIE MOUNCE,<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>03-55022-LMC<br><br>CHAPTER 7 |
| VALERIE MOUNCE,<br>ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br><br>*PLAINTIFFS*<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>A DIVISION OF WELLS FARGO BANK, N.A.,<br><br>*DEFENDANT* | ADV. NO. 04-5182-LMC |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR STAY PENDING APPEAL

**I.     BACKGROUND**

On June 3, 2008, this court entered an order certifying the Relief from Stay Overcharge Class (the

"Certification Order"). [Dkt. #131].[1] On June 16, 2008, Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") filed a notice of appeal. Because the Certification Order is not a final order, but is instead an interlocutory order, Wells Fargo filed (on the same day) a Motion for Leave to Appeal the Certification Order ("Motion for Leave").[2] *See* 28 U.S.C. § 158(a)(3). Also, for reasons not entirely clear to this court, Wells Fargo filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) with the Fifth Circuit.[3] Wells Fargo now moves for an order staying the Certification Order pending these efforts to appeal (the "Motion"). [Dkt. #138]. The court held a hearing on July 1, 2008. Counsel for Wells Fargo appeared, as did counsel for the plaintiff. After hearing their respective arguments, the court took the matter under advisement and reset the matter for ruling. For the reasons set forth below, the court concludes that Wells Fargo has failed to demonstrate that it is entitled to a stay of the Certification Order that would halt the trial pending Wells Fargo's appeal. Accordingly, the Motion will be denied.

## II.   DISCUSSION

### A.   *Legal Standards*

In this circuit, the decision to grant or deny a motion for stay pending appeal lies in the sound discretion of the court whose order is being appealed. *See Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir. 1982)

---

[1] This court's reasons for granting the plaintiff's motion were set forth in a separate memorandum opinion (the "Memorandum Opinion"), which was filed a few days before the Certification Order. [Dkt. #129]

[2] While the motion will be decided by a district court, the motion was properly filed in the bankruptcy court as well. [Dkt. #134]

[3] Federal Rule 23(f), ordinarily applicable in class actions filed in a district court, contains language which provides for an appeal to the circuit court. It appears that Wells Fargo has seized upon this language in arguing that a party may seek leave to appeal a certification order entered by a *bankruptcy court* directly from a circuit court. *But see Chrysler Financial Corp. v. Powe,* 312 F.3d 1241, 1245-46 (11th Cir. 2002) ("However, the § 1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court. In such a case, the district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court. *See* 28 U.S.C. § 158(a). Thus, an appellate avenue to the district court free of the constraints of § 1292(b) already exists for a bankruptcy judge's class certification order. Nothing in Rule 23(f) suggests that a bankruptcy appeal to the district court would be inadequate, or that an appeal to the court of appeals should trump district court appellate jurisdiction over bankruptcy cases. In sum, the appellate avenue addressed by Rule 23(f) is already available to petitioners through an interlocutory appeal to the district court.").

("*Ruiz II*"); *In re First S. Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987); *Arnold v. Garlock,* 278 F.3d 426, 438-39 (5th Cir. 1991) (citing *First S. Sav. Ass'n*), *reh'g denied,* 288 F.3d 234 (5th Cir.2002); *see also In re Adelphia Commc'ns Corp.,* 361 B.R. 337, 346 n.31 (S.D.N.Y. 2007) (citations omitted); Fed. R. Bankr. P. 8005 (2004). In exercising that discretion, however, a court is to guided by a four-part test, ordinarily applied to preliminary injunctions but universally applied by courts in this circuit to motions for stay pending an appeal. *In re First S. Sav. Ass'n,* 820 F.2d at 709 (citing *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)); *Arnold*, 278 F.3d at 438-39 (citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981) ("*Ruiz I*")). The factors to consider are: (1) the movant's likelihood of success on the merits;[4] (2) the irreparable harm to the movant if the stay is *not* granted; (3) the substantial harm to other parties if the stay *is* granted; and (4) the public interests implicated in granting or denying the stay. *First S. Sav. Ass'n*, 820 F.2d at 709 (citing *Ruiz II,* 666 F.2d at 856); *see also McNiel v. Dresser Indus. (In re Fed.-Mogul Global, Inc.),* 37 Fed. Appx. 88 (5th Cir. Apr. 29, 2002) (per curiam) (citing *Arnold v. Garlock, Inc.,* 278 F.3d 426 (5th Cir.2001)).

The Fifth Circuit does not require a movant to satisfy all four prongs of this test. Specifically, the Fifth Circuit has cautioned that courts should not deny applications for a stay pending appeal simply because the movant has failed to demonstrate its likelihood of success on the merits. *In re First S. Sav. Ass'n,* 820 F.2d at 709 n.10 ("In *Ruiz II*, we cautioned against reading *Ruiz I* as a 'coup de grace for the likelihood-of-success criterion in this circuit.'"). However, that does not eliminate the duty to meet this criterion either. The Fifth Circuit has clarified the proper way to view this first element as follows:

---

[4] As the court will discuss in further detail below, the burden on this first element is slightly different where, as here, the order which the movant seeks to appeal is an interlocutory one. Because interlocutory appeals are granted only in extraordinary circumstances, the party seeking to stay the proceeding pending its interlocutory appeal must first demonstrate that it is likely to obtain leave to appeal the interlocutory order. *See Turner v. Frascella Enters., Inc. (In re Frascella Enters., Inc.),* ---B.R. ---, 2008 WL 2330975 (Bankr. E.D. Pa. June 6, 2008) (quoting *Enron Corp. v. J.P. Morgan Securities (In re Enron),* 2006 WL 2400411, at *1 (Bankr. S.D.N.Y. 2006) (noting that "the relevant 'likelihood of success' looks to whether 'the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal.'").

> Likelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. *Only "if the balance of equities (i.e., consideration of the other three factors) is . . . heavily tilted in the movant's favor" will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit.*

*Ruiz II*, 666 F.2d at 857 (quoting *Ruiz I*, 650 F.2d at 565-66) (emphasis added); *see also First S. Sav. Ass'n,* 820 F.2d at 709 n.10. With this context in mind, we consider the Fifth Circuit's oft-quoted statement regarding the movant's burden of showing a substantial likelihood of success on the merits:

> [T]he movant need not *always* show a "probability" of success on the merits; *instead*, the movant need only present a substantial case on the merits when a legal question is involved **and** show that the *balance of equities* weighs *heavily* in favor of granting the stay.

*First S. Sav. Ass'n,* 820 F.2d at 704 (quoting *Ruiz I*, 650 F.2d at 565) (emphasis added). Thus, if the movant does not, or cannot, demonstrate that its success on appeal is *probable* or *likely*, the movant can still establish that a stay is warranted by: (1) making a "substantial case" that a legal issue is at stake, **and** (2) demonstrating that the balance of equities tilts *heavily* in its favor. *See id.* In other words, the movant's burden on the first prong may be lightened — say, from "probable" to "merely possible" — if, for the remaining three prongs (commonly referred to collectively as the "balance of equities"), the movant makes a compelling case that, in all likelihood, the movant will suffer irreparable harm in the absence of a stay pending appeal, and that any harm to other parties will be minimal in comparison to the harm to be suffered by the movant.

With the Fifth Circuit's carefully crafted standards in mind, we turn to the Motion itself to determine whether Wells Fargo has carried its burden.

**B.** ***Wells Fargo Failed to Demonstrate Its Likelihood of Success on the Merits.***

The first prong of the test has an interesting twist where, as here, the order sought to be stayed is an interlocutory order. To establish Wells Fargo's likelihood of success, Wells Fargo must first establish the

likelihood that its appeal will even be permitted, given that it is interlocutory. Then, Wells Fargo must establish its likelihood of success on the *underlying* merits of its appeal. That makes Wells Fargo's task doubly daunting, because leave to appeal an interlocutory order — particularly, a class certification order — is not granted automatically. *See* 28 U.S.C. § 158(a)(3); Fed. R. Civ. P. 23(f). To make matters even more complicated, Wells Fargo has sought leave through *two* avenues. First, it seeks leave from the district court pursuant to section 158(a)(3) of title 28. Second, Wells Fargo seeks leave from the Fifth Circuit to file a *direct* appeal under Federal Rule 23(f).[5] Both methods are similar in that a court other than this one makes the final determination regarding whether to grant leave to file an interlocutory appeal. The standards governing each court's discretion to permit that interlocutory appeal, however, are arguably not the same. *See Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 833 (7th Cir. 1999); *but see Chrysler Financial Corp. v. Powe,* 312 F.3d 1241, 1245-46 (11th Cir. 2002) (concluding that the two standards may be the same).

In all events, Wells Fargo has not yet obtained leave from either the district court or from the Fifth Circuit to appeal the Certification Order. It is, perhaps, for this very reason that a party seeking to stay an ongoing trial pending its appeal of an *interlocutory* order must *first* demonstrate that an appellate court is likely to grant that party leave to file the interlocutory appeal. *See Turner v. Frascella Enters., Inc. (In re Frascella Enters., Inc.),* ---B.R. ---, 2008 WL 2330975 (Bankr. E.D. Pa. June 6, 2008) (quoting *Enron Corp. v. J.P. Morgan Securities (In re Enron),* 2006 WL 2400411, at *1 (Bankr. S.D.N.Y. 2006) (noting that "the relevant 'likelihood of success' looks to whether 'the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal.'"). Before addressing Wells Fargo's likelihood of success on the merits of its appeal, then, the court must first

---

[5] Interestingly enough, Wells Fargo does not mention section 158(d)(2), which expressly authorizes parties to seek certification of a direct appeal to the circuit. That motion would properly be directed to the bankruptcy court or to the district court, not the circuit court. *See* 28 U.S.C. § 158(d)(2)(A) & (d)(2)(B) (2008). It is unclear whether this statute, enacted in 2005, is intended to interact with Bankruptcy Rule 7023 and its incorporation of Federal Rule 23(f). It is perhaps because the underlying bankruptcy case was filed in 2003, prior to BAPCPA's effective date, that Wells Fargo does not mention this section or seek to certify its appeal under those provisions.

examine whether Wells Fargo had adequately demonstrated that it is likely *to obtain leave* to appeal the interlocutory Certification Order.

The Fifth Circuit has not expressly adopted the standards of 28 U.S.C. § 1292(b) in determining whether a district court should grant leave to appeal an interlocutory order under section 158(a)(3). *See Ichinose v. Homer Nat'l Bank (In re Ichinose),* 946 F.2d 1169, 1177 (5th Cir. 1991); *see also Moerbe v. U.S. Horticultural Supply, Inc. (In re Moerbe),* 2005 WL 3337634 at *3 (W.D. Tex. Sept. 1, 2005) (Biery, J.). But at least two other circuit courts have adopted this standard, *see Simon v. U.S.* 341 F.3d 193, 199 (3d Cir. 2003); *Chrysler Fin. Corp. v. Powe,* 312 F.3d 1241, 1245-46 (11th Cir. 2002), and according to those courts, a court should grant leave to appeal an interlocutory order, pursuant to section 158(a)(3), when three elements are satisfied. First, the appellant must have demonstrated that the decision involves a controlling question of law. Second, there must be a substantial ground for difference of opinion, as demonstrated by the appellant. Third, the appellant must show that the interlocutory appeal may materially advance the ultimate determination of the litigation. *See In re Ichinose,* 946 F.2d at 1177; *see also Simon,* 341 F.3d at 199; *Powe,* 312 F.3d at 1245-46. Generally, interlocutory appeals are appropriate only in extraordinary circumstances. *See In re Frascella Enters., Inc.,* --- B.R. ---, 2008 WL 2330975 at *2 (citing *Milbert v. Bison Labs., Inc.,* 260 F.2d 431, 433 (3d Cir. 1958); *Matter of Magic Restaurant, Inc.,* 202 B.R. 24 (D. Del. 1996)). Wells Fargo thus has a fairly high burden just to demonstrate that it is likely to obtain leave to appeal the Certification Order.

The most difficult way of carrying that burden must be simply to avoid acknowledging that burden all together.[6] That is the approach Wells Fargo has taken here. The motion for stay pending appeal does not even address this burden, nor does it attempt to make any showing that the district court is likely to grant Wells Fargo leave to appeal. It was only during the hearing on the present motion that counsel for Wells

---

[6] Some may call this the "head in sand" approach.

Fargo referred the court to its motion for leave to appeal the Certification Order. That motion, said counsel, contains the substantive arguments for the purposes of the present motion for stay.

In that motion, Wells Fargo raises a question — which it considers to be controlling in this case — about whether this court had subject matter jurisdiction to certify a class comprised of debtors outside of this judicial district with claims that do not directly affect the administration of the named plaintiff's bankruptcy estate — in this case, Ms. Mounce's estate. *See* Motion for Leave at 10, ¶ 4 (citing *inter alia Lenoir v GE Capital Corp. (In re Lenoir)*, 231 B.R. 662, 667-68 (Bankr. N.D. Ill. 1999) (concluding that claims asserted on behalf of other similarly situated debtors must perforce be "related to" the named plaintiff's bankruptcy case)).

The court has reviewed the line of cases cited by Wells Fargo in its motion for leave in support of this contention. Those cases appear to stand for the proposition that a bankruptcy court lacks jurisdiction to certify a class comprised of debtors whose claims do not arise in or are not related to the named plaintiff's bankruptcy estate.

The basis for this conclusion seems to be founded on a misreading of the bankruptcy jurisdiction statute. *See* 28 U.S.C. § 1334(b). Here is what the statute says:

> Except as provided in subsection (e)(2) and notwithstanding an Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, *or arising in or related to cases under title 11.*

*Id.* (emphasis added). The decisions cited by Wells Fargo, particularly *In re Lenoir*, have presumed that jurisdiction over the claims asserted by the named plaintiff on behalf of unnamed, similarly situated members of a proposed class cannot exist *unless* those claims arise in or are related to *the named plaintiff's* bankruptcy case. The statute says otherwise.

The statute provides that bankruptcy jurisdiction exists over "all civil proceedings . . . arising in or

related to *cases* under title 11." *Id.* (emphasis added). The statute uses the plural word "cases" as opposed to the singular word "the case" or "a case," which indicates that "arising in" or "related to" jurisdiction is *not* necessarily hinged on one particular bankruptcy case. If Congress had intended to limit bankruptcy jurisdiction in the manner presumed by the *Lenoir* court and its progeny, one would expect to see language in the statute such as "arising in or related to *a case* under title 11" or, better still, "arising in or related to *the case* under title 11." But that is not what the statute says. The statute contains no such limiting language.

Subject matter jurisdiction according to section 1334(b) is present in this class action so long as, for each individual, unnamed class member, that class member's claims against Wells Fargo arise in or are related to *some* case under title 11.[7] The class as certified by the Certification Order makes clear that each unnamed class member must have filed a bankruptcy case, had a home mortgage loan serviced by Wells Fargo, had Wells Fargo file a motion for relief from stay during the course of his or her bankruptcy case, and paid attorneys' fees to Wells Fargo in connection with the motion for relief from stay. *See* Certification Order [Dkt. #131]. Based on this class definition, it should be clear that each class member's claims against Wells Fargo could have arisen *only* in the context of that particular class member's bankruptcy case. To say that the bankruptcy jurisdiction statute requires all of these claims to arise in Ms. Mounce's bankruptcy case is nothing more than self-serving sophistry.[8]

Additionally, when this court entered the Certification Order, it exercised bankruptcy jurisdiction not under section 1334(b)'s broad umbrella of "related to" jurisdiction, but under the narrower category of "arising in" jurisdiction. When jurisdiction exists under this narrower umbrella, the "related to" analysis

---

[7] In the ordinary case, a class member's claim will have arisen in or will be related to *that* class member's bankruptcy case. The statute does not require all class members' claims to arise in or relate to any *particular* case under title 11.

[8] Or, alternatively, it would suggest that the Rules Committee of the Judicial Council, the Judicial Conference itself, and the Supreme Court of the United States were all clueless when they adopted Rule 7023 of the Federal Rules of Bankruptcy Procedure, which incorporates by reference Rule 23 of the Federal Rules of Civil Procedure.

and, by extension, the close nexus test are not implicated and need not be addressed. *See Geruschat v. Ernst Young LLP (In re Seven Fields Development Corp.),* 505 F.3d 237, 260 (3d Cir. 2007). Thus, the determination whether unnamed class members' claims relate to Ms. Mounce's bankruptcy case is simply irrelevant to this court's subject matter jurisdiction in the Certification Order.

A comparison of the bankruptcy jurisdiction statute with other subject matter jurisdiction statutes in title 28 also supports this court's plain meaning reading of section 1334(b). Only one of the statutes makes special provision for class actions. But that statute — section 1332 (diversity jurisdiction) — is the only one that requires such a special provision. *See* 28 U.S.C. § 1332(d)(2). The special provision expressly permits class actions in diversity cases, even though the composition of the members in the class might otherwise defeat diversity. *See id.* § 1332(d)(3). The provision sets a special amount in controversy for diversity class actions, and permits the court to decline to exercise subject matter jurisdiction over the case if the non-diversity percentage of the class exceeds one-third. *See id.* One can see the need for such a specialized provision in the diversity context — otherwise, class actions based on diversity jurisdiction would almost always fail. There are no special provisions for class actions in section 1331 (federal question jurisdiction), because none are needed.[9] None are needed in section 1334 either.

Further buttressing this conclusion is that there is a specific rule built into the Federal Rules of Bankruptcy Procedure providing for class actions in the context of a bankruptcy proceeding. One wonders what purpose that rule serves if bankruptcy jurisdiction over the claims of several unnamed claimants cannot stem from those same claimants' individual bankruptcy cases.

Though confident that it properly exercised bankruptcy subject matter jurisdiction in entering the Certification Order, the court also acknowledges that reasonable minds might differ on the issue. And certainly subject matter jurisdiction counts as a controlling question of law. What is more, the appeal of the

---

[9] Subject matter jurisdiction under that statute is not dependent on the makeup of the class.

Certification Order would materially advance the ultimate resolution of this adversary proceeding if there is no subject matter jurisdiction, as Wells Fargo contends. Thus, under the standards of section 1292(b), at least, Wells Fargo appears to have met its burden with regard to the likelihood of obtaining leave to appeal the Certification Order under 28 U.S.C. § 158(a)(3). But that does not end our inquiry, because Wells Fargo's appeal is not an ordinary interlocutory appeal. This appeal is, by its true nature, an appeal under Rule 23(f) of a class certification order.

A court of appeals, in deciding whether to grant an interlocutory appeal under Rule 23(f), exercises discretion akin to the Supreme Court's discretion in acting on a petition for *certiorari*. *See Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 833 (7th Cir. 1999) (quoting Committee Note accompanying Fed. R. Civ. P. 23(f)). An argument in support of granting leave to appeal an interlocutory order that might carry some weight under section 1292(b) may not necessarily carry as much weight when the interlocutory appeal is governed by Rule 23(f). This is so because Rule 23(f) was specifically drafted to avoid delay. *Id.* Stays under Rule 23(f) are extremely rare. For that reason, "interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation." *Id.*[10] Staying the progress of this class action, and in particular, preventing the plaintiff from conducting further discovery to ascertain the precise size of the class and location of class members, would do just that — it would retard the pace of litigation. Given the vast amount of discretion an appellate court exercises in granting leave to appeal a class certification order under Rule 23(f), it is difficult to predict whether an appellant is likely to succeed in obtaining leave to appeal, especially given the courts' recognition of the potential for abuse inherent in such appeals. The best standard in this regard was espoused by Judge Easterbrook, sitting for the Seventh Circuit, when he intimated that "the more fundamental the question and the greater the likelihood that it will escape effective disposition

---

[10] The policy behind this reluctance is clear — every defendant in a class action seeks to cause delay. Delay frustrates the plaintiff's efforts to obtain the discovery often needed to populate the class.

at the end of the case, the more appropriate is an appeal under Rule 23(f)." *Id.* Wells Fargo's primary concern in the proposed appeal goes to this court's subject matter jurisdiction over class members' claims. But subject matter jurisdiction may be challenged at any point in time during the course of the proceeding. Wells Fargo will be free to pursue its appeal at the end of the case without waiving its objection and without slowing or halting the litigation. Wells Fargo's concern will not "escape effective disposition" at the end of the case. Under the "Easterbrook rule of thumb," this case is a poor candidate for interlocutory review. Wells Fargo thus has not established that it is likely to obtain leave to appeal the Certification Order.

Wells Fargo presses ahead by offering two primary points of error in the Certification Order on which it suggests that it is likely to succeed on the *underlying* merits of its appeal. We need not long dwell on these issues in light of this court's finding that Wells Fargo has not established its likelihood of obtaining leave from the district court. It is worth addressing these two points of error briefly here, however, in the interest of completeness. First, Wells Fargo argues that there are "serious legal questions regarding the Court's subject matter jurisdiction to certify this matter as a class action because the putative class members' claims will not impact the Plaintiff, her estate, or the distribution of property to her creditors and therefore are not 'related to' the Plaintiff's bankruptcy case." *Motion* at 7, ¶ 18 (citing *Wood v. Wood (In the Matter of Wood),* 825 F.2d 90, 93 (5th Cir. 1987)). Based on the discussion *supra*, the courts finds that its exercise of "arising in" jurisdiction, stands on solid jurisdictional ground.[11] At most, Wells Fargo has only made a "substantial case" on the underlying merits of its appeal. It has not shown a "likelihood of success" on the merits. That might still be enough to warrant a stay pending appeal, but *only so long as* the balance of

---

[11] Wells Fargo further implies that this court lacks subject matter jurisdiction to certify a class comprising debtors whose cases were filed in federal districts other than the Western District of Texas. In so arguing, Wells Fargo seems to misunderstand the difference between subject matter jurisdiction and venue. Even if this court were to treat Wells Fargo's implication as a venue challenge to those class members who did not file their bankruptcy cases in this district, the argument would be frivolous in light of the fact that this is a class action under Federal Rule 23. On that theory, virtually *all* class actions would fail for improper venue. If Wells Fargo *does* contend that venue is improper for some class members, it failed to clarify that argument in its Motion and thus failed to raise a serious legal question in that regard.

equities is tilted *heavily* in Wells Fargo's favor. *See First S. Sav. Ass'n,* 820 F.2d at 704 (quoting *Ruiz I*, 650 F.2d at 565). But this is no ordinary appeal. Wells Fargo has not demonstrated that its interlocutory appeal is even a good candidate for review under Rule 23(f). Thus, the mere making of a "substantial case" on the *underlying* merits of its interlocutory appeal carries substantially less weight in the context of a motion for stay pending appeal where, as here, the movant has not first demonstrated that it is likely to obtain leave to pursue its interlocutory appeal in the first place.

Wells Fargo's second point of contention is the appropriateness of the Certification Order under the Federal Rules of Civil Procedure. The exact points which Wells Fargo wishes to make in this regard are unclear. The motion itself only presents the argument that "Wells Fargo has presented a substantial argument that the Class does not meet the requirements of FRCP 23 in that the Plaintiff's claims are not typical of or common to the putative class and that individual issues of fact and law will predominate." *Motion* at 7, ¶ 18. The Motion contains no further arguments or authorities. During the hearing on the Motion, this court asked counsel where exactly this "substantial argument" could be found. Counsel once again referred the court to its Motion for Leave.

Wells Fargo offers no authorities (other than its own opinion) in support of its suggestion that this court abused its discretion in finding that the class meets the prerequisites of Federal Rule of Civil Procedure 23(a). Likewise, Wells Fargo fails to offer any authorities demonstrating this court's abuse of discretion in certifying the class under Rule 23(b)(3). Instead, Wells Fargo relies heavily on the same authorities that this court discussed in great detail in its Memorandum Opinion — namely, *Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indemnity Ins. Co.,* 319 F.3d 205 (5th Cir. 2003) (concluding that a class action asserting RICO fraud was improperly certified because the necessary element of each class member's individual reliance predominated over the common issues). As stated in the Memorandum Opinion, Wells Fargo's reliance on *Sandwich Chef* is misplaced, because the facts of this case and the Texas state law applicable

to the claims in this case do not implicate the same rigid RICO reliance standards that were applicable in *Sandwich Chef*.

Rather than attempting to explain *why* this court may have abused its discretion in concluding that *Sandwich Chef* is inapplicable to the claims in this case, Wells Fargo simply re-urges that this court is mistaken. In doing so, Wells Fargo offers only the very same arguments that this court already considered and specifically rejected. Wells Fargo cites no new decision or law that this court did not already consider in the Memorandum Opinion and further offers no substantive reason why a court reviewing the Certification Order would find that this court abused its discretion in certifying the class.

In addition to this failure of proof, the court takes particular issue with Wells Fargo's mischaracterization of this court's opinion. In its Motion for Leave, Wells Fargo suggests that this court failed to consider the substance and structure of the plaintiff's underlying claims, as this court is required to do before certifying a class under Rule 23. *See* Motion for Leave at 15-16, ¶¶ 16-17. Wells Fargo's contention is incorrect and potentially misleading to appellate courts.[12] This court discussed the underlying claims and applicable defenses and concluded that they will not cause the claims to degenerate into individual issues so as to predominate over common issues. *See Memorandum Opinion* at 30-31. Because the class claims were based on what this court found to be Wells Fargo's highly standardized practice for obtaining relief from the automatic stay, this court concluded that any individualized defenses which Wells Fargo might wish to raise at trial would not predominate over the issues common to the class as a whole. *See id.* n.29. The court noted, in a footnote, that Wells Fargo did not appear able to raise any individual defenses in light of its highly standardized stay relief practice. *Id.* In making that point, this court specifically considered the difficulties likely to arise in this class action and concluded that, based on the

---

[12] *But see* TEX. R. PROF. CONDUCT 3.03, *reprinted in* TEX. GOV'T CODE, T. 2, Subt. G, App. A (STATE BAR RULES, art. X, § 9) (Duty of Candor Toward Tribunals).

lack of evidence on the matter and in light of Wells Fargo's highly standardized practice of prosecuting lift stay motion, these individual negotiations were unlikely to exist and represented nothing more than a red herring. Of course, Wells Fargo is free still to urge these defenses if evidence of individual negotiations, in fact, does exist. The Certification Order most certainly does not act as an exclusionary device against that evidence. Rule 23(c)(1)(C) specifically allows the court to amend class certification orders for reasons such as this — the discovery of evidence that alters the basis for the initial certification decision. But on the current state of the record, the court was not obligated to accept Wells Fargo's invitation to speculate.

Through the present motion, and the motion for leave to appeal, Wells Fargo once again re-urges the same arguments it raised before, arguments that this court has already considered. The court understands the arguments. Wells Fargo has offered nothing new — only its own self-serving opinion that this court abused its discretion. Wells Fargo has not succeeded in demonstrating that it is likely to succeed on the merits of its appeal (if the interlocutory appeal is even permitted).

In short, Wells Fargo has not established that it is likely to obtain leave to appeal the Certification Order, nor has it established that it is likely to succeed on the merits of its appeal, if leave is granted. At best, Wells Fargo has made a "substantial case" that there is a controlling and debatable question regarding this court's exercise of subjection matter jurisdiction over the unnamed class members' claims. *See First S. Sav. Ass'n,* 820 F.2d at 704 (quoting *Ruiz I*, 650 F.2d at 565) (emphasis added). Yet, even that showing is unlikely to help Wells Fargo over the hurdle of Rule 23(f). Wells Fargo has certainly made clear to this court and to whichever court reviews the Motion for Leave that it disagrees with this court's findings of fact and conclusions of law. That is not enough to make the case for likelihood success on appeal.

Because the decision to grant a stay pending appeal is within the discretion of the court, however, the court will complete its analysis to determine whether, even if Wells Fargo did make a "substantial case," the balancing of equities would tilt *heavily* in its favor.

C.  *Wells Fargo Fails to Demonstrate Any Irreparable Harm*.

Balancing the equities of the case involves weighing the remaining three factors of the four-prong test spelled out in *Ruiz II*. The three factors to consider are: (1) the irreparable harm to the movant if the stay is *not* granted; (2) the substantial harm to other parties if the stay *is* granted; and (3) the public interests implicated in granting or denying the stay. *First S. Sav. Ass'n*, 820 F.2d at 709 (citing *Ruiz II,* 666 F.2d at 856). The first element in the balance of equities analysis is the harm that the movant will suffer if a stay pending appeal does not issue. In support of its Motion, Wells Fargo suggests that the Certification Order changed the complexion of this case from a small matter — with an amount in controversy of less than $100 — to a large matter involving hundreds of plaintiffs and a potential for much greater liability for Wells Fargo. This argument is disingenuous. Any class action by definition multiplies the damage exposure. Wells Fargo is really arguing that it is harmed by the fact that it is being sued in a class action, and that certification now requires them to defend. On that theory, all defendants are entitled to a stay just because they are defendants. In any event, Wells Fargo cannot argue that it will be harmed *irreparably* due to the certification of the class (other than asking the court to *assume* irreparable harm as a matter of *res ipsa loquitur*). Wells Fargo has offered no evidence in support of its contention. It is thus disingenuous of Wells Fargo to presume that the certification of this class has made this case so burdensome that allowing it to carry forward would cause it irreparable harm. That is all that Wells Fargo has done here — presumed irreparable harm for the sake of arguing this factor in its Motion. Wells Fargo has provided no concrete evidence that it will truly suffer any harm if its motion is not granted.

Wells Fargo further contends that it will suffer irreparable harm if its existing customers receive a notice of the class action, as it may cause confusion and anxiety among these existing customers. Once again, Wells Fargo has made the contention but has offered not a shred of evidence. Imagining a parade of horribles falls well short of presenting cogent evidence. In any event, measures may be taken to minimize

or eliminate any potential harm, such as giving Wells Fargo the opportunity to include language in the notice to putative class members to ensure that its customers are not confused. The court is not persuaded that this imagined potential disruption in customer relations tilts the balance of equities in Wells Fargo's favor.

Wells Fargo offers no further evidence in support of any irreparable harm if the stay does not issue. At this point, then, and in light of the foregoing, the court would be well within its discretion to deny the Motion. But the remaining *Ruiz II* factors demonstrate that, if anything, the equities weigh heavily *against* Wells Fargo.

D.   *Harm to the Plaintiff and Putative Class Members.*

The court is cognizant of the harm that would be caused to the plaintiff if the Certification Order is stayed pending Wells Fargo's appeal. If the Certification Order is stayed, so too will be halted the discovery or any attempts to populate the class. Necessary to this determination is the precise size of the class and the location of the potential class members. The plaintiff has requested an additional 90 days to conduct limited discovery from Wells Fargo to determine just how large the class is. [Dkt. #139].[13] A stay would halt this process.

In balancing the risk to the plaintiff and to Wells Fargo in precluding this discovery by a stay pending appeal, the court finds that the plaintiff has substantially more to lose if a stay is granted. The court is concerned about Wells Fargo's reluctance to open its books to allow the plaintiff to conduct this discovery. Tracking down the class members will require a great deal of diligence on the plaintiff's part. The more time that passes, the more difficult that task will become. By delaying discovery, the class is injured substantially because, as time passes, a number of circumstances may complicate how the plaintiff may go about locating potential class members — some class members may move out of state, file another

---

[13] That motion was set for hearing the same day as the present Motion, but the court reset the plaintiff's discovery motion, finding it to be potentially moot were this court to grant the present Motion and stay the Certification Order.

bankruptcy case, change names, or any number of other things which would make it difficult to notify them of this proceeding. Furthermore, as noted above, it is difficult at this stage to determine precisely how much money is at stake in this litigation until we know for certain how many class members are included in the certified class, how difficult it will be to locate them, and how many of them will choose to opt out of the class action. In the meantime, the potential claim that each class member holds against Wells Fargo, if proven, may be a small number by Wells Fargo's standards, but it could be relatively more significant to those class members who may be a few hundred dollars behind in their mortgage or credit card payments. In this regard, the court finds that the harm to the class members should this court grant Wells Fargo's stay would be greater than the prospective harm suggested by Wells Fargo in the absence of a stay pending appeal.

E.   *Public Policy Concerns*

Given the foregoing discussion, it would be extremely difficult for Wells Fargo to suggest a public policy concern which would so tilt the balance of equities in its favor as to warrant a stay pending its interlocutory appeal. Nevertheless, it is worth addressing the concern which Wells Fargo has suggested. Wells Fargo contends that this court's jurisdiction to certify a class action in an adversary proceeding is an issue of first impression in the Fifth Circuit. For that reason, Wells Fargo contends that the Fifth Circuit should resolve the issues it has raised on appeal. That, once again, presumes that the district court or the Fifth Circuit is likely to grant Wells Fargo's motion for leave to appeal the Certification Order — a point about which this court is not so sure. Leave to appeal under Rule 23(f) is granted infrequently, and stays pending Rule 23(f) appeals are granted even more infrequently due to the special considerations inherent in class action litigation.

Well Fargo next contends that staying the class action pending its appeal will avoid unnecessary burdens and costs and will further prevent the waste of judicial resources. As is becoming a recurring theme

with Wells Fargo's pleadings, posing a hypothetical world is as dangerous as presuming one's conclusion in order to reach it. Before we spend too much time worrying about the unnecessary costs and wasted judicial resources that will accrue by this court's refusal to grant Wells Fargo's motion for a stay, Wells Fargo must have demonstrated the likelihood that its leave to appeal will even be granted. *Only then* will Wells Fargo's public policy concerns begin to resonate. Wells Fargo has failed to ring that bell. By Wells Fargo's logic, this court should stay all of its interlocutory orders when a party files a notice of appeal because there would always be the risk of incurring costs and wasting judicial resources that may prove to have been unnecessary in hindsight if this court's ruling is ultimately reversed on appeal. That, unfortunately, is just the cost of litigation.

### III. CONCLUSION

In deciding whether to grant Well's Fargo's motion for stay pending appeal, it is this court's duty to decide whether "the probability of error in the class certification decision is high enough that the costs of pressing ahead in [this] court exceed the costs of waiting." *Blair,* 835 F.3d at 832. Based on the foregoing, the court concludes that Wells Fargo has not sufficiently demonstrated that the probability of this court's error in the Certification Order is great enough to stall the adversary proceeding. The costs to Wells Fargo in the absence of a stay do not outweigh the harm to class members if a stay is granted and the appeal is ultimately denied or the Certification Order affirmed. Furthermore, any issues which Wells Fargo may take with the Certification Order will not be rendered moot by the denial of a stay. In short, this court finds no legitimate reason to prevent the class action from moving forward. Accordingly, the Motion for Stay Pending Appeal is hereby DENIED.

# # #